**Robert F. BURTCH, Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF THE TREASURY, Defendant–Appellee.**

**No. 96–35066.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 17, 1997.

Decided Aug. 15, 1997.

---

**6.** This disposition of the double jeopardy claim makes it unnecessary for us to consider Falcone's due process claim.

Melinda D. Miles, Miles & Goff, Anchorage, AK, for the plaintiff–appellant.

Thomas M. Bondy, United States Department of Justice, Washington, DC, for the defendant–appellee.

Before: WALLACE, JOHN T. NOONAN and THOMPSON, Circuit Judges.

WALLACE, Circuit Judge:

Robert F. Burtch sought an order from the district court, pursuant to 18 U.S.C. § 925(c), providing him relief from his federal firearms disabilities imposed by 18 U.S.C. §§ 921–930. The district court dismissed his action, holding that it lacked jurisdiction over his claim, and Burtch appeals from that judgment. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.

I

Between 1984 and 1987, Burtch was convicted of four felonies. One or more of his convictions was for a crime "punishable by imprisonment for a term exceeding one year" and thus Burtch lost his entitlement "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1).

Burtch brought his action to have his federal firearms privileges restored. 18 U.S.C. § 925(c) allows for restoration of firearms privileges upon application to the Secretary of the Treasury. "[T]he Secretary may grant such relief if it is established to his satisfaction that ... the applicant will not be likely to act in a manner dangerous to public safety and the granting of relief would not be

contrary to the public interest." 18 U.S.C. § 925(c).

The statute provides for judicial review of denials by the Secretary: "Any person whose application for relief from disabilities is denied by the Secretary may file a petition with the United States district court . . . for a judicial review of such denial. The court may in its discretion admit additional evidence where failure to do so would result in a miscarriage of justice." *Id.* The Secretary has delegated his authority under this section to the Director of the Bureau of Alcohol, Tobacco and Firearms (ATF). 27 C.F.R. §§ 178.144(b), (d).

Since 1993, however, Congress has eliminated funding for ATF investigation or actions on applications for relief from federal firearms disabilities. Each of the annual Treasury Department appropriations statutes has provided that "none of the funds appropriated herein shall be available to investigate or act upon applications for relief from Federal firearms disabilities under 18 U.S.C. 925(c)." Treasury, Postal Service, and General Government Appropriations Act, 1997, Pub.L. No. 104–208, 110 Stat. 3009, 3009–319 (1996); Treasury, Postal Service, and General Government Appropriations Act, 1996, Pub.L. No. 104–52, 109 Stat. 468, 471 (1995); Treasury, Postal Service, and General Government Appropriations Act, 1995, Pub.L. No. 103–329, 108 Stat. 2382, 2385 (1994); Treasury, Postal Service, and General Government Appropriations Act, 1994, Pub.L. No. 103–123, 107 Stat. 1226, 1228 (1993); Treasury, Postal Service, and General Government Appropriations Act, 1993, Pub.L. No. 102–393, 106 Stat. 1729, 1732 (1992).

The appropriations statutes since 1994 have provided, however, that "such funds shall be available to investigate and act upon applications filed by corporations for relief from Federal firearms disabilities under 18 U.S.C. § 925(c)." 110 Stat. 3009–319; 109 Stat. 471; 108 Stat. 2385; 107 Stat. 1228–1229.

On January 8, 1994, Burtch, through his attorney, requested ATF to send an application for relief from his firearms disabilities. ATF notified Burtch that, as a result of Public Law 103–123, ATF was "prohibited from acting upon or investigating applications for relief from Federal firearms disabilities under 18 U.S.C. section 925(c) for individuals." ATF recommended "that you contact our office about obtaining restoration of Federal firearms privileges for your client should Congress act to remove the restriction currently imposed."

On June 16, 1995, Burtch filed his "Verified Petition for Removal of Federal Disabilities" in the district court, naming as defendant the United States of America Department of the Treasury. He alleged that his application was denied and requested that the court provide him relief from his federal firearms disabilities. Burtch argued that ATF's funding limitations do not "repeal or affect the validity of 18 U.S.C. § 925(c)." Burtch also challenged as an equal protection violation the appropriation statutes' distinction between individuals, who are not permitted to have their applications processed by ATF, and corporations, which are.

The district court dismissed Burtch's action for lack of subject matter jurisdiction, holding that "[w]here no investigation occurs, there is no denial." The court also concluded that "the prohibition against investigating and acting upon applications from individuals under § 925(c) has a rational basis and does not deny the plaintiff equal protection under the law or violate any constitutional rights."

## II

We review the district court's conclusions of law de novo. *See Owner–Operators Indep. Drivers Ass'n v. Skinner,* 931 F.2d 582, 584 (9th Cir.1991) (whether district court had subject matter jurisdiction is a question of law); *United States v. Baker,* 63 F.3d 1478, 1490 (9th Cir.1995) (equal protection claims are questions of law), *cert. denied,* _____ U.S. _____, 116 S.Ct. 824, 133 L.Ed.2d 767 (1996).

"As in all cases of statutory interpretation, our starting point in determining Congress's intent must be the language of the statute itself. Unless exceptional circumstances dictate otherwise, if we find the statutory language unambiguous, then we will not resort

to the legislative history." *Jenkins v. INS,* 108 F.3d 195, 200 (9th Cir.1997), *quoting Fernandez v. Brock,* 840 F.2d 622, 632 (9th Cir.1988).

Section 925(c) permits the federal district courts to entertain a petition for judicial review by "[a]ny person whose application for relief from disabilities is denied by the Secretary." 18 U.S.C. § 925(c). In context, the phrase "denied by the Secretary" refers back to the Secretary's substantive decisions about whether the applicant "will . . . be likely to act in a manner dangerous to public safety," and whether "the granting of the relief would . . . be contrary to the public interest." *Id.* Section 925(c) permits the district court to admit "*additional* evidence where failure to do so would result in a miscarriage of justice." *Id.* (emphasis added).

The issue before us is not new. Already there is an intercircuit conflict. *Compare United States v. McGill,* 74 F.3d 64 (5th Cir.1996) (*McGill*), *cert. denied,* —— U.S. ——, 117 S.Ct. 77, 136 L.Ed.2d 35 (1996), *with Rice v. United States,* 68 F.3d 702, 709 (3d Cir.1995) (*Rice*). Must, as the statute states, there first be a denial by ATF for the district court to review, or is the failure to act the functional equivalent of a denial on the merits? The statute is so clear that we hold it means what it says. Thus, the failure to appropriate investigatory funds should be interpreted as a suspension of that part of section 925(c) which is affected. *See Robertson v. Seattle Audubon Society,* 503 U.S. 429, 440, 112 S.Ct. 1407, 1414, 118 L.Ed.2d 73 (1992).

 Clearly, the statute does not authorize the district court to build a record from scratch or make discretionary policy determinations in the first instance if the Secretary does not. In the context of the entire statute, the word "denial" means an adverse determination on the merits and does not include a refusal to act. The district court properly held that it lacked subject matter jurisdiction under section 925(c).

 We therefore follow the Fifth Circuit in holding that section 925(c) privileges for individuals cannot be reinstated by the district court based upon ATF's failure to process the individuals' applications. *See McGill,* 74 F.3d 64. Because the statute is clear on its face, we conclude, unlike the Fifth Circuit, that we should not examine legislative history. *See id.* at 66–67. Like the Fifth Circuit, we will not follow the Third Circuit's holding that district courts have subject matter jurisdiction to consider reinstatement requests under 925(c) without an ATF denial. *See Rice,* 68 F.3d at 709.

### III

 Burtch also argues that the Treasury, Postal Service, and General Government Appropriations Act, 1995, Pub.L. No. 103–329, 108 Stat. 2382 (1994), violates his constitutional right to equal protection of the laws. He accurately points out that Congress resumed funding to investigate corporate restoration of firearms privileges, but did not do so for individuals.

The test we are to apply appears clear. "In areas of social and economic policy, a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *FCC v. Beach Communications,* 508 U.S. 307, 313, 113 S.Ct. 2096, 2101, 124 L.Ed.2d 211 (1993).

Burtch agrees that we should examine section 925(c) under rational basis scrutiny and asserts that Congress's exemption of applications of corporations but not individuals from ATF funding limitations is an irrational classification. To survive rational basis equal protection scrutiny, however, the challenged classification need only be supported by "plausible reasons." *Id.* at 313–14, 113 S.Ct. at 2100–02.

The distinction here between corporations and individuals easily satisfies this test. Congress could rationally have believed that corporations guilty of corporate crime present less danger to the community than do individual felons.

AFFIRMED.