**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Eduardo GONZALEZ–MENDEZ, Defendant–Appellant.**

**No. 97–10400.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 1998.

Decided July 14, 1998.

Micaela Portillo, Assistant Federal Public Defender, Tucson, AZ, for defendant-appellant.

Brian G. Larson, Assistant United States Attorney, Tucson, AZ, for plaintiff-appellee.

Before: WALLACE, T.G. NELSON, and KLEINFELD, Circuit Judges.

WALLACE, Circuit Judge:

Gonzalez–Mendez pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326. On appeal, he contends that the district court erred in applying a 16–level enhancement under U.S.S.G. § 2L1.2(b) based on his having been deported following an aggravated felony. We have jurisdiction over this timely filed appeal pursuant to 18 U.S.C. § 3742(a)(2), and we affirm.

I

Gonzalez–Mendez was convicted in 1976 for possession of marijuana with intent to

distribute. That conviction resulted in a three and a half year prison sentence, after which he was deported in 1979. Under section 2L1.2(b) (1996), the base offense level for illegal reentry is increased from 8 to 24 "[i]f the defendant previously was deported after a conviction for an aggravated felony."

Application Note 7 to section 2L1.2 defines an aggravated felony as "offenses described in the previous sentence whether in violation of federal or state law and also applies to offenses described in the previous sentence in violation of foreign law for which the term of imprisonment was completed within the previous 15 years. *See* 8 U.S.C. § 1101(a)(43)." The underlying statute, 8 U.S.C. § 1101(a)(43), is essentially the same, except that it does not contain the word "also."

There is no dispute that Gonzalez–Mendez's prior conviction for possession of marijuana with intent to distribute falls within the class of offenses covered by Application Note 7; the only issue is whether the clause limiting the consideration of convictions to those for which the term of imprisonment was completed within the past 15 years applies only to foreign crimes, or to foreign and domestic ones. This is critical here, as Gonzalez–Mendez had completed his term of imprisonment for his prior domestic marijuana conviction over 15 years before the present sentencing.

## II

We first address the threshold issue of the scope of Gonzalez–Mendez's appeal. Gonzalez–Mendez pleaded guilty pursuant to a plea agreement, in which he waived all appeals except for the right to appeal the application of the 16–level enhancement set forth in section 2L1.2(b)(2). Thus, we are restricted to considering whether the 15–year limitation in Application Note 7 of section 2L1.2(b) applies only to foreign convictions or, as Gonzalez–Mendez contends, to all convictions, foreign or domestic. We may consider the underlying statutory definition, 8 U.S.C. § 1101(a)(43), only to the extent that it helps us interpret section 2L1.2(b).

We review de novo the district court's legal interpretation of the Sentencing Guidelines. *United States v. Scarano*, 76 F.3d 1471, 1474 (9th Cir.1996). We review statutory constructions de novo. *United States v. LeCoe*, 936 F.2d 398, 402 (9th Cir. 1991) (*LeCoe*).

We begin with the language of the Sentencing Guideline section and the statute. If these are unambiguous, then we do not turn to the legislative history. *See Burtch v. United States Dept. of the Treasury*, 120 F.3d 1087, 1089–90 (9th Cir.1997) (*Burtch*).

Gonzalez–Mendez asks us to interpret the phrase in Application Note 7 "for which the term of imprisonment was completed within the previous 15 years" as modifying "offenses described in the previous sentence whether in violation of federal or state law" as well as "offenses described in the previous sentence in violation of foreign law." In *United States v. Gonzalez*, 112 F.3d 1325, 1331 (7th Cir. 1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 396, 139 L.Ed.2d 309 (1997), the Seventh Circuit decided this issue adversely to Gonzalez–Mendez. That court held that "[t]he language of Application Note 7 clearly intends the explicit 15–year limit to refer only to convictions under foreign law." *Id.* at 1329.

We agree with the Seventh Circuit that Application Note 7 is clear on its face. The repetition of the verb "applies" in the "foreign law" clause makes it clear that this clause is meant to stand apart from the "federal or state law" clause, and that the 15–year limitation modifies only the "foreign law" clause. We presume that Congress used no superfluous words, *see Platt v. Union Pacific Railroad Co.*, 99 U.S. 48, 58–59, 25 L.Ed. 424 (1878), and therefore must make meaning of the multiple use of the word "applies."

If the application note were meant to be read the way Gonzalez–Mendez suggests, the words "and also applies to offenses described in the previous sentence in violation of foreign law" would have been replaced simply by "or foreign law." For example, in *United States v. Bass*, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), the Court construed then–18 U.S.C. § 1202(a), which pro-

hibited convicted felons from "receiv[ing], possess[ing], or transport[ing] in commerce or affecting commerce" any firearms, such that the phrase "in commerce or affecting commerce" modified all three verbs. *Id.* at 337, 339–40, 92 S.Ct. 515. Although the Court's holding ultimately rested on federalism grounds not present in this case, the Court's initial view, based only on the language of the statute, was that the phrase modified all three antecedents on the list. *Id.* at 339, 92 S.Ct. 515. We presume that Congress enacts statutes with full knowledge of the existing law. *Farmer v. McDaniel,* 98 F.3d 1548, 1556 (9th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1474, 137 L.Ed.2d 686 (1997). We see no reason this presumption would not apply to the Sentencing Commission as well. Thus, the Sentencing Commission and Congress had before them a guideline from *Bass* as to how to draft a modifying phrase that would apply to both foreign and domestic convictions, if they choose to do so. They did not.

Gonzalez–Mendez argues that the legislative history of the 1990 amendment to 8 U.S.C. § 1101(a)(43), supports his interpretation of Application Note 7. But, as stated earlier, we do not consider legislative history when a statute is clear on its face. *Burtch,* 120 F.3d at 1089–90. Moreover, because of the broad waiver of appellate rights contained in Gonzalez–Mendez's plea agreement, we may consider section 1101(a)(43) only as an aid to interpreting Application Note 7, and there is no conflict between the statute and the Sentencing Guideline.

Finally, Gonzalez–Mendez asks for application of the rule of lenity. Under the rule, we construe ambiguities in criminal statutes in favor of defendants. *LeCoe,* 936 F.2d at 402. However, we resort to the rule of lenity only if the statute is "truly ambiguous." *Id.* Because we have no difficulty interpreting Application Note 7, we hold the rule of lenity is not applicable.

Therefore, we hold that domestic crimes for which the term of imprisonment was completed more than 15 years prior to

sentencing do trigger the 16–level enhancement of U.S.S.G. § 2L1.2(b)(2).

AFFIRMED.