**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PHILIP SACCACIO,
Plaintiff-Appellant,

v.

BUREAU OF ALCOHOL, TOBACCO &
FIREARMS,
Defendant-Appellee.

No. 99-1242

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
Norman K. Moon, District Judge.
(C-98-70-C)

Argued: April 7, 2000

Decided: April 26, 2000

Before LUTTIG, Circuit Judge, Roger J. MINER,
Senior Circuit Judge of the United States Court of Appeals
for the Second Circuit, sitting by designation, and
Patrick Michael DUFFY, United States District Judge
for the District of South Carolina, sitting by designation.

_____

Affirmed by published opinion. Judge Luttig wrote the opinion, in
which Senior Judge Miner and Judge Duffy joined.

_____

**COUNSEL**

**ARGUED:** Richard E. Gardiner, Fairfax, Virginia, for Appellant.
Thomas Mark Bondy, Appellate Staff, Civil Division, UNITED

STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** David W. Ogden, Acting Assistant Attorney General, Robert P. Crouch, Jr., United States Attorney, Mark B. Stern, Appellate Staff, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Imelda M. Koett, Associate Chief Counsel, David C. Lieberman, Office of Chief Counsel, BUREAU OF ALCOHOL, TOBACCO AND FIREARMS, Washington, D.C., for Appellee.

_____

## OPINION

LUTTIG, Circuit Judge:

Plaintiff-appellant Philip Saccacio appeals from the district court's order dismissing his petition for review of defendant-appellee Bureau of Alcohol, Tobacco and Firearms' alleged denial of his application for relief from federal firearms disabilities. Because we conclude that the district court correctly held that it lacked subject-matter jurisdiction over Saccacio's petition, we affirm.

I.

Appellant Philip Saccacio is prohibited under 18 U.S.C. § 922(g)(1) from possessing, shipping, transporting, or receiving firearms in interstate commerce, because he was previously convicted of a crime punishable by imprisonment for a term exceeding one year.[1] Two years ago, Saccacio applied for relief from these federal firearms disabilities. Appellee Bureau of Alcohol, Tobacco and Firearms ("ATF") responded by informing Saccacio that it could not "act upon" his application, J.A. 8a-9a, because the appropriations act for the Department of the Treasury has, since 1992, provided as follows:

> [N]one of the funds appropriated herein shall be available to investigate or act upon applications for relief from Federal firearms disabilities under 18 U.S.C. 925(c)[.]

_____

[1] Saccacio was convicted of making a false statement to a federal agent, in violation of 18 U.S.C. § 1001.

2

113 Stat. 430, 434. Saccacio then filed the instant petition for review of the ATF's alleged denial of his application for relief from federal firearms disabilities. The district court dismissed Saccacio's petition, pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject-matter jurisdiction.

II.

Saccacio argues that the district court erred in dismissing his petition for review for lack of subject-matter jurisdiction. Specifically, he contends that the district court erred in concluding that the ATF's failure to process his application did not qualify as a denial of his application within the meaning of 18 U.S.C. § 925(c), which provides in relevant part:

> Any person whose <u>application</u> for relief from[federal firearms] disabilities is <u>denied</u> by the Secretary may file a petition with the United States district court for the district in which he resides <u>for a judicial review of such denial</u>.

<u>Id</u>. (emphases added). At oral argument, Saccacio conceded that the ATF did not, merely by failing to act upon it, actually deny his application for relief. Nevertheless, he maintained that he had satisfied the jurisdictional requirement of section 925(c) because the ATF had not processed his application.

We conclude that the jurisdictional requirement of section 925(c) is not satisfied merely by the ATF's failure to process Saccacio's application. As the Ninth Circuit has held, we believe that, as used in section 925(c), "the word `denial' means an adverse determination on the merits," rather than merely "a refusal to act." <u>Burtch</u> v. <u>United States Dep't of the Treasury</u>, 120 F.3d 1087, 1090 (9th Cir. 1997). Because the ATF's failure to investigate or act upon Saccacio's application is not "an adverse determination on the merits," it follows that the ATF's action does not constitute a "denial of his application" within the meaning of section 925(c). It may be that Saccacio has not been afforded the ultimate relief for which he applied, but it is simply not the case that his application for relief has been denied by the agency.

3

Saccacio did not cast his argument as one that his application was "constructively denied," and thus "denied" within the meaning of section 925(c). Even if he had so cast his argument, however, we would be hesitant to conclude that the passage of less than six months -- the maximum amount of time that elapsed between Saccacio's submission of his application for relief and ATF's letter in response that it could not at that time act upon his application-- would, by itself, qualify as a predicate for a constructive denial. Moreover, were we of the view that a constructive denial would satisfy the jurisdictional requirement of section 925(c), we do not believe that Saccacio could claim such a constructive denial, given that the agency has not acted for only a relatively short period of time, that the agency informed Saccacio of its willingness to act upon his application at such time as funds were made available by the Congress, J.A. 9a, and, that, as a formal matter, we cannot assume that funds will remain unavailable to the ATF for the purposes at issue here in perpetuity.

Accordingly, because section 925(c) authorizes judicial review of only the denial of an application for relief, and the ATF's failure to process Saccacio's application during the less than six-month period prior to his filing of this action in district court is not the denial of an application, the district court correctly concluded that it was without subject-matter jurisdiction to adjudicate Saccacio's petition for review. See, e.g., Owen v. Magaw, 122 F.3d 1350, 1354 (10th Cir. 1997) (same); Burtch v. United States Dep't of the Treasury, 120 F.3d 1087, 1090 (9th Cir. 1997) (same); cf. United States v. McGill, 74 F.3d 64, 66-67 (5th Cir.) (affirming dismissal of petition for review brought under section 925(c) because "it is clear to us that Congress suspended the relief provided by § 925(c)"), cert. denied, 519 U.S. 821 (1996).**2**

The district court's order dismissing said petition therefore is affirmed.

AFFIRMED

_____

**2** In Rice v. United States, 68 F.3d 702, 707 (3d Cir. 1995), the Third Circuit held that section 925(c) is a judicially waivable exhaustion requirement, rather than a jurisdictional prerequisite. In so holding, that court was not obliged to -- and did not -- construe the "denial of application" language of section 925(c), which we only construe herein.

4