**UNITED STATES of America,
Plaintiff,**

v.

**Matthew T. CARTE, Sr., Defendant.**

**No. Crim. 2:94–00089–01.**

United States District Court,
S.D. West Virginia,
Charleston Division.

Dec. 6, 2000.

**MEMORANDUM OPINION
AND ORDER**

HADEN, Chief Judge.

Pending is Defendant's motion for restoration of his right to possess a firearm.[1] The Government has not responded. Lacking jurisdiction, the Court **DENIES** the motion.

## I. FACTUAL BACKGROUND

Defendant was previously convicted of mail fraud, 18 U.S.C. § 1341, and of violating customs duties, 19 U.S.C. § 1304(i). On November 7, 1994 the Court sentenced Defendant to five (5) years probation and a $5,000.00 fine. Defendant was discharged early from the probationary term on September 5, 1997. By virtue of his felony conviction, Defendant is prohibited by federal law from possessing a firearm. He seeks relief from that disability.

## II. DISCUSSION

Title 18 U.S.C. § 925(c) provides pertinently as follows:

A person who is prohibited from possessing, shipping, transporting, or receiving firearms or ammunition may make application to the Secretary for relief from the disabilities imposed by Federal laws with respect to the acquisition, receipt, transfer, shipment, transportation, or possession of firearms, and the Secretary may grant such relief if it is established to his satisfaction that the circumstances regarding the disability, and the applicant's record and reputa-

---

1. Counsel is advised in the future to deliver to the Court a courtesy copy of any motions filed with the Clerk. The instant motion was filed on October 25, 2000. The Court became aware of its existence only this morning following an inquiry from Defendant's counsel.

tion, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest. Any person whose application for relief from disabilities is denied by the Secretary may file a petition with the United States district court for the district in which he resides for a judicial review of such denial. The court may in its discretion admit additional evidence where failure to do so would result in a miscarriage of justice.

*Id.* Section 925(c) thus first requires an application, and ensuing denial, to the Secretary of the Treasury or, for practical purposes, his designee at the Bureau of Alcohol Tobacco and Firearms (ATF).

Defendant asserts he has previously contacted ATF for relief but "was advised that the division of the ATF which previously handled and investigated said requests is no longer receiving grants to handle and investigate these requests, and therefore refused to consider such request." Mot. 1–2. Defendant further asserts "[w]ithout the Court's intervention, [Defendant] knows of no other mechanism to obtain the relief requested." *Id.* at 2.

Defendant is correct concerning ATF's inability to provide the relief requested. The agency is stymied not by a lack of grant money, however, but rather by the Appropriations Act for the Department of the Treasury which has, since 1992, provided as follows: "[N]one of the funds appropriated herein shall be available to investigate or act upon applications for relief from Federal firearms disabilities under 18 U.S.C. § 925(c)[.]" 113 Stat. 430, 434.

A recent decision from our Court of Appeals is directly on point:

We conclude that the jurisdictional requirement of section 925(c) is not satisfied merely by the ATF's failure to process Saccacio's application. As the Ninth Circuit has held, we believe that, as used in section 925(c), "the word 'denial' means an adverse determination on the merits," rather than merely "a refusal to act." Because the ATF's failure to investigate or act upon Saccacio's application is not "an adverse determination on the merits," it follows that the ATF's action does not constitute a "denial of his application" within the meaning of section 925(c).

*Saccacio v. Bureau of Alcohol, Tobacco & Firearms,* 211 F.3d 102, 104 (4th Cir.2000) (quoted authority omitted).

Based on the foregoing, the Court lacks jurisdiction to entertain Defendant's motion. Accordingly, the motion is **DENIED.**

The Clerk is directed (1) to post a copy of this Memorandum Opinion and Order on the Court's website at www.wvsd.uscourts.gov and (2) to send a copy of this Memorandum Opinion and Order to counsel of record, the Marshal for this district and the United States Probation Office.