**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10221 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-02286-CKJ |
| v. | |
| JESSE RAMIREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted June 18, 2013[**]

Before:     TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Jesse Ramirez appeals from the district court's judgment and challenges the

30-month sentence imposed following his jury-trial conviction for conspiracy to

transport an illegal alien for profit, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I),

(a)(1)(A)(ii), and (a)(1)(B)(i); and transportation of an illegal alien while placing in

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jeopardy the life of any person, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (a)(1)(B)(iii). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ramirez contends that the district court erred in imposing an enhancement under U.S.S.G. § 2L1.1(b)(6) because his conduct was insufficiently dangerous to trigger that enhancement. The district court did not err because the record reflects that Ramirez's means of travel "exacerbate[d] the *likelihood* of an accident." *United States v. Torres-Flores*, 502 F.3d 885, 890 (9th Cir. 2007).

Ramirez also urges that the district court should have applied an enhancement under U.S.S.G. § 3C1.2 instead of section 2L1.1(b)(6), or that the interaction between these two enhancements is so ambiguous that the rule of lenity favors applying section 3C1.2. Because the Guidelines' application notes specifically contemplate the application of section 2L1.1(b)(6) to a defendant who flees from law enforcement as Ramirez did, this argument fails. *See* U.S.S.G. § 2L1.1 cmt. n.5; *United States v. Gonzalez-Mendez*, 150 F.3d 1058, 1061 (9th Cir. 1998) (declining to apply rule of lenity where application note to Guideline was unambiguous).

Finally, Ramirez argues that the section 2L1.1(b)(6) enhancement had a disproportionate effect on his sentence. Though it resulted in a greater sentence, the impact of section 2L1.1(b)(6) was not disproportionate.

**AFFIRMED.**