FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 09 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Appellee,<br><br>  v.<br><br>CHANCE LORANE WILLIS,<br><br>        Defendant-Appellant. | No. 12-50273<br><br>D.C.No. 2:11-cr-362-MMM-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted August 7, 2013[**]
Pasadena, California

Before:    SILVERMAN and WARDLAW, Circuit Judges, and
           CEDARBAUM,[***] District Judge.

Chance Lorane Willis appeals the district court's decision that he is a career

---

[*]    This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Miriam Goldman Cedarbaum, Senior District Judge for the Southern District of New York, sitting by designation.

offender pursuant to § 4B1.1(a) of the U.S. Sentencing Guidelines. Willis argues that the district court improperly determined that one of his prior felony convictions – for first-degree robbery committed in Alabama at the age of 16 – was an adult conviction. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

For purposes of career offender status, a prior felony conviction is defined as a "prior adult federal or state conviction." U.S.S.G. § 4B1.2, Application Note 1. "A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." Id. Willis argues that Alabama does not classify his robbery conviction as an adult conviction because it defines an adult as "[a]n individual 19 years of age or older." Ala. Code § 12-15-102(1). This argument fails to account for § 12-15-204(a)(2) of the Alabama Code, which provides that "[n]otwithstanding any other provision of law, any person who has attained the age of 16 years at the time of the conduct charged . . . shall be charged, arrested, and tried as an adult" for a Class A felony. If applicable, this provision is mandatory. Price v. State, 683 So. 2d 44, 45 (Ala. Crim. App. 1996) ("[T]he requirements of [12-15-204][1] are compulsory . . . ."); see also L.R.G. v. State, 996 So. 2d 208, 209 (Ala. Crim. App. 2008) (noting legislative intent was to require that persons

---

[1]At the time of Willis' conduct and conviction, this provision appeared in substantially identical form at Ala. Code § 12-15-34.1(a).

2

subject to the statute "be treated as adults for all purposes").  First-degree robbery is a Class A felony under Alabama law, Ala. Code § 13A-8-41(c), and Willis committed the offense at age 16.  Therefore, § 12-15-204 applied to Willis, and his conviction constitutes an adult conviction.  Willis' argument to the contrary ignores the plain language and effect of § 12-15-204.  The law does not require the use of the magic words "classified as an adult conviction" to make a conviction an adult one.

The certified court records submitted by the government to the district court only confirm that Willis' conviction is an adult conviction.  The records show that Willis applied for and was denied "youthful offender" status, which would have provided certain procedural protections and limited his sentence.  See Ala. Code §§ 15-19-1 et seq.  The records also show a checked box by "defendant pleads guilty to Robbery first [degree]," while an alternative box for "defendant pleads guilty as youthful offender" was left unchecked.  Further, the records show that Willis did not receive any of the protections afforded to juveniles during his court proceedings.  See, e.g., Ala. Code §§ 12-15-121(b), 12-15-129, 12-15-219(b).

Willis also argues that we should apply the rule of lenity, under which we construe ambiguous criminal statutes in favor of defendants.  United States v.

Gonzalez-Mendez, 150 F.3d 1058, 1061 (9th Cir. 1998).  Because the Alabama

statutes applicable here are unambiguous, the rule does not apply.

**AFFIRMED.**